UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESLEY VINCENT, NOELLE MORGANTE, DANIEL RICHMAN, AND ASHLEY PELUCHETTE individually on behalf of themselves and all others similarly situated and John Does (1-100) on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLE AGAINST DIRTY, PBC. and METHOD PRODUCTS, PBC.<br><br>Defendants. | 7:16-cv-06936-NSR |

### OBJECTION TO CLASS SETTLEMENT

Class member and objector, Ashley Hammack, purchased Ecover Dish Soap, Method Laundry Detergent and Method Foaming Hand Wash product on multiple occasions between August 1, 2010 and April 27, 2017 in the United States. Neither me nor my attorney will attend the fairness hearing. I have successfully objected to the Diana Miloro v. Van's International Foods, Inc. Case No. 15-PH-CV00642 settlement, the Stephanie Leiner v. Johnson and Johnson Consumer Companies, Inc., Case No. 15-CV-5876 settlement. My attorney and I have objected to Tziva Rapoport-Hecht, et al. v. Seventh Generation, Inc., Case No. 7:14-CV-09087-KMK.

*Compensation for Class Members*

The compensation for every class member should be higher than $1.00 per product to entice more class members to fill out a claim form. For many class members, it is not worth the time and energy to fill out and submit a claim form for just one dollar per product. If the claim

1

rate is less than 10%, the Court should not approve the final settlement. The low claim rate is likely the result of inadequate compensation for class members or an ineffective notice.

### *Ineffective Notice*

The Notice program does not do enough to reach individual class members. Defendants maintain an email database. The Defendants could easily and cost-efficiently send notice to everyone in the email database as they likely have purchased Defendants' products. Under Fed. R. of Civ. Pro. 23(c)(2)(B), class members must receive "the best notice that is practicable under the circumstances." Without a doubt, individual notice, such as an email, is better than mass media notice. This Court should order the parties to send out personalized email to class members.

### *Residual Funds*

All residual funds should be distributed to class members until it is financially infeasible to do so. The class is the one who was harmed by Defendants' conduct so class members are the ones who should get the benefits. Third parties should not get any distributions until additional distributions to class members become less than a minimum amount, perhaps $3.00. Under the terms of the settlement, it is unclear as to when the distribution to third parties will go into effect. The court should clarify the terms of the settlement and order that all money go to class members to the extent possible.

### *Cy Pres Awards*

"The cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the "next best" class of beneficiaries. See *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307–08 (9th Cir.1990). Cy pres distributions

must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011).  If the court determines that any portion of the class fund should go to third parties, the court should order that it goes to non-profit organization that more closely aligns with the underlying claims of the class action.  This class action is about deceptive advertising.  The cy pres beneficiaries should be devoted to eradicating deceptive advertising in consumer products.  The Sierra Club, Earth Echo International, and the Conservation Alliance are organizations that have an environmental and political focus, so they are unsuitable beneficiaries for this class action.

*Use of Coupons*

The Class Action Fairness Act ("CAFA") sets forth special rules for fee calculation and settlement valuation "[i]f a proposed settlement in a class action provides for recovery of coupons to a class member." 28 U.S.C. §1712 (a).  This class action settlement has a provision when specifically addresses providing coupons for class members.  Just because there is also a cash fund that provides direct reimbursement to class members does not mean that CAFA does not apply.  In ascertaining the fairness of a settlement containing coupons, the court is to "consider, among other things, the real monetary value and likely utilization rate of the coupons provided by the settlement." S.Rep. No. 109–14, at 31, *as reprinted in* 2005 U.S.C.C.A.N. 3, 31.  The Court must closely consider coupon use when determining fairness and also consider the use of coupons when determining attorney's fees.

*Attorney's Fees*

CAFA requires a district court to base "the portion of any attorney's fee attributable to the award of coupons" on "the value to class members of the coupons that are redeemed." 28

U.S.C. §1712 (a). The Court must estimate the value the amount of coupons that the class would receive and the value to class members of the coupons that are redeemed.

Additionally, the attorney's fees should be limited to 25% of the total amount of money that is actually received by class members.  Class counsel should not be paid 33.33…% of the total amount to be paid by the Defendants.  They should not get attorney's fees for amount that is paid to the settlement administrator.  See *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).   They should not get attorney's fees for money paid to cy pres beneficiaries.  The attorneys should be rewarded for the amount of money that actually goes to the class.  This method directly aligns the class and the class member's interests.

*Self-dealing*

"Collusion may not always be evident on the face of a settlement, and courts therefore must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).  Some signs of collision include a disproportionate distribution of the settlement, a clear-sailing provision, and a kicker provision.  This settlement has all three signs that the Court in *Bluetooth* warned against.  This Court should use extra scrutiny to determine the fairness of the settlement.

For the foregoing reasons, the Court should deny final approval of the settlement.  Neither Objector nor I intend to appear at the fairness hearing.

Date: 3-27-17

_____

Ashley Hammack, Objector

2813 Lavell

Wichita Falls, TX 76308

940-867-6380

/s/ David Sibek

_____

David Sibek, Attorney

464 New York AVE

Huntington, NY 11743

631-300-9399

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was filed electronically via CM/ECF on 3-27-17 and served by the same means on all counsel of record.

/s/ David Sibek

_____

David Sibek, Attorney