Roman, J. KY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESLEY VINCENT, NOELLE  
MORGANTE, DANIEL RICHMAN, AND  
ASHLEY PELUCHETTE individually on  
behalf of himself and on behalf of all others  
similarly situated and John Does (1-100) on  
behalf of themselves and all others similarly  
situated,

   *Plaintiffs,*  
vs.

PEOPLE AGAINST DIRTY, PBC. and  
METHOD PRODUCTS, PBC.

   *Defendants.*

Case No.: 7:16-cv-06936-NSR

### [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS, AWARDING ATTORNEYS' FEES AND SERVICES AWARDS, AND FINAL JUDGMENT

On the 12th day of May 2017, a hearing was held before this Court to determine: (a) whether the Stipulation of Class Action Settlement Agreement ("Agreement") should be granted final approval as fair, reasonable, and adequate; (b) whether the proposed class should be certified for settlement purposes; (c) whether a judgment granting approval of the Agreement and dismissing the Action with prejudice should be entered; and (d) whether Class Counsel's application for attorneys' fees and expenses and a service award for Plaintiffs should be granted.

Having duly considered all papers filed and arguments presented, IT IS HEREBY ORDERED and ADJUDGED as follows:



USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #:  
DATE FILED: 6/20/2017

1. Unless defined herein, all defined terms in this Proposed Final Approval Order shall have the respective meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on January 9, 2017.

**Notice**

4. Notice was published under the terms of the Preliminary Approval Order.

5. The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

6. The Settlement Class Members received notice of (a) the pendency of the Action; (b) the terms of the proposed Settlement, including the Release; (c) their rights under the proposed Settlement; (d) their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for attorneys' fees and expenses and an incentive award to the Class Representatives; and (h) the binding effect of this Final Judgment and Order Approving Settlement on all Persons who did not timely exclude themselves from the Settlement Class.

7. The Court finds also finds that the appropriate state and federal officials were timely notified of the Settlement Agreement under the Class Action Fairness Act of 2005

(CAFA), 28 U.S.C. § 1715 and that ninety (90) days have passed without comment or objection from any governmental entity.

**Approval of the Settlement**

    8.    The Court grants final approval to the proposed settlement.

    9.    Factors supporting the grant of final approval to this settlement include:

        a. The settlement was the product of arms-length negotiations among experienced counsel, with no evidence of collusion.

        b. If the case did not settle, continued litigation would be time consuming, complicated and expensive. The parties have not litigated the issue of class certification or engaged in extensive motion practice. They have not completed discovery or proffered expert testimony. Settlement at this stage avoids the expenditure of the parties' and the Court's resources.

        c. The reaction of the class has been favorable. 54,641 class members submitted valid claims. In contrast, only one class member has opted out of the settlement and only one has submitted an objection. This factor weighs in favor of final approval.

        d. The parties have described the information they have exchanged to the Court, and the Court finds that each side had sufficient information to assess the strengths and weaknesses of their claims and defenses.

        e. If the case had not settled, plaintiffs faced considerable risks in establishing liability, maintaining certification of a litigation class and establishing damages. The settlement guarantees a result for the class and eliminates these risks.

  f. The amount of the settlement is reasonable given the strengths and weaknesses of the case. The Court notes that under the proposed plan of allocation, many class members will receive substantial percentages of the purchase price of the products and in some cases, full refunds.

10. The Court also held a hearing on May 12, 2017, at which time the parties, Settlement Class Members, and Objector Hammack were afforded the opportunity to be heard in support of or in opposition to the Settlement.

11. The Court has read and considered the written objection filed by Settlement Class Member Ashley Hammack.

12. Having carefully considered Objector Hammack's objection, the Court hereby overrules Ms. Hammack's objection on the merits in its entirety.

13. As a preliminary matter, Ms. Hammack failed to comply with the Court's Order Granting Preliminary Approval by failing to sign her objection.

14. Even considering Ms. Hammack's objection on its merits, the Court notes that many of Ms. Hammack's arguments do not even apply to this settlement and are irrelevant. Ms. Hammack's arguments concerning the relief to the class and the amount of attorneys' fees are addressed elsewhere.

15. The terms and provisions of the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

16. The Settlement Administrator reports that it has received 54,641 valid claims.

17. The Court notes that the Parties have agreed to distribute any funds which might otherwise have gone to the distribution of coupons or to charitable organizations under the terms

of the Settlement Agreement to the claimants, as set forth in the Plan of Allocation. The Court approves this measure and finds that because it only increases the benefits to the claimants, a revised notice is not required.

18. Accordingly, the Court hereby directs that the Settlement shall be implemented in accordance with the terms of the Agreement (all of which terms and definitions are adopted and incorporated herein by reference) and the Plan of Allocation at ¶ 38.

19. The terms of the Agreement, and of this Final Judgment and Order Approving Settlement, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their heirs, executors, and administrators, successors, and assigns.

20. Defendants are ordered to implement the terms and conditions of the Agreement, including payment to all Settlement Class Members who have not excluded themselves from this Settlement and who submit a timely, valid Claim pursuant to the Agreement, and to implement the terms of the injunctive relief agreed to in the Stipulation of Settlement.

**Class Certification**

21. The Court finds, for purposes of effectuating this Settlement only, that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

(a) The number of Class Members is so numerous that joinder of all members thereof is impracticable;

(b) There are questions of law and fact common to the Class, including the meaning and importance of the misrepresentations at issue to a reasonable consumer;

(c) The claims of the Court-appointed Class Representatives are typical of the claims of the Class they represent because they have alleged that they purchased the products containing the alleged misrepresentations at issue;

(d) The Class Representatives have fairly and adequately represent the interests of the Class and have no interests in conflict with the class;

(e) The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class;

(f) A class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(g) The class is ascertainable because the membership can be determined with reference to objective criteria, i.e. whether a class member bought the Products at issue.

22. The Court grants final certification for purposes of settlement to the proposed Settlement Class, defined as:

> All persons and entities that, during the Class Period, both resided in the United States and purchased in the United States any of the Products for use and not for resale. Excluded from the Settlement Class are: (a) Defendants' board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court's staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

23. Mr. W.A. Johnson of Lithonia, Georgia, has made a timely and valid request for exclusion. He is excluded from the Settlement Class and is not bound by this Order.

24. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

25. The Court reaffirms the appointment of Plaintiffs Wesley Vincent, Noelle Morgante, Daniel Richman, and Ashley Peluchette as Class Representatives, and finds that they have adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

26. The Court reaffirms the appointment of Adam Gonnelli and Jason Sultzer of the Sultzer Law Group, 85 Civic Center Plaza, Suite 104, Poughkeepsie, NY, 12601, and Joshua H. Eggnatz of Eggnatz, Lopatin & Pascucci, LLP, 5400 S. University Drive, Suite 417, Davie, FL 33328 as counsel for the Settlement Class ("Class Counsel").

27. The Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel, and finds that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

**Attorneys' Fees**

28. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.

29. The Court notes that the Settlement Agreement provides that counsel may seek up to one-third of the Settlement Fund as attorneys' fees (Settlement Agreement VIII.8.1), and that this amount was negotiated with Defendants only after the Parties reached agreement on the other substantive terms of the settlement.

30. Class Counsel moved for an award of one-third of the Settlement fund as fees on March 13, 2017.

31. After carefully considering Class Counsel's application, the Court awards Class Counsel 30% of the settlement fund, equal to $840,000, as attorney's fees.

32. Factors supporting the grant of fees include:

   a. The time and labor expended by Class Counsel on behalf of the Class;

   b. The complexity and risks of the litigation;

   c. The results achieved in this settlement including both monetary and injunctive relief;

   d. The quality of the representation;

   e. The contingent nature of the fee;

   f. The reasonableness of the request fee under both the percentage method and the lodestar cross check; and

   g. The value of the litigation to the public.

**Expenses**

33. The Court grants Class Counsel's request for reimbursement of expenses in the amount of $25,799.85.

34. The expenses incurred by Class Counsel were advanced with no guarantee of recovery and were required to prosecute the case.

**Service Awards**

35. The Court grants Plaintiffs' request for service awards in the amount of $10,000.00 ($2,500.00 per Class Representative).

36. The Plaintiffs served as adequate class representatives and performed work on behalf of the absent class members.

37. The Fees and Expense Award and Plaintiffs' Service Awards shall be paid by Defendants pursuant to the time table set forth in the Stipulation of Settlement.

**Plan of Allocation**

38.  The common fund shall be distributed as follows:

| | |
|---|---:|
| Attorneys' Fees: | $840,000.00 |
| Expenses: | $25,799.85 |
| Service Awards: | $10,000.00 |
| Claims Administration: | $404,697.20 |
| Distributions to Claimants: | $1,519,502.95 |
| Common Fund: | $2,800,000.00 |

**Remaining Funds**

39.  Pursuant to the Settlement Agreement, any funds remaining in the Settlement Fund as a result of checks that have not been cashed after six months from the date of issue shall be donated to The Sierra Club, Earth Echo International, and the Conservation Alliance in equal shares.

**Final Judgment**

40.  Finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

41.  This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating, or receiving any benefits or relief from any other lawsuit, arbitration,

or administrative or regulatory proceeding or order based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the Settlement of the Action. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

42. The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such ministerial modifications and expansions of the Stipulation which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation.

**SO ORDERED.**

DATED: June 20, 2017

_____
Honorable Nelson S. Roman